Robert J. Donaher, Esq. (RD 8238)
Walder Hayden P.A.
5 Becker Farm Rd.
Roseland, NJ 07068
(973) 436-4123
rjdonaher@walderhayden.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
John P. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com
jpf@fullerfuller.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| DENNIS MAURER, Individually, and RONALD MOORE, Individually, | : | |
| | : | |
| Plaintiffs, | : | Case No. |
| | : | |
| vs. | : | |
| | : | |
| TD BANK U.S. HOLDING COMPANY, a Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |
| _____/ | | |

## **COMPLAINT**

Plaintiffs, DENNIS MAURER, Individually, and RONALD MOORE, Individually, on

their behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes

referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, TD BANK U.S. HOLDING

COMPANY, a Delaware Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

1. Plaintiff, RONALD MOORE, is an individual residing at 1002 Central Avenue, New Providence, NJ   07974, in the County of Union.

2. Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, NJ   08234 in the County of Atlantic.

3. Defendant's properties, TD Bank, are located at:

TD Bank
41 Cornwell Drive
Bridgeton, New Jersey

TD Bank
399 New Road
Somers Point, New Jersey

TD Bank
53 South Laurel Street
Bridgeton, New Jersey

TD Bank
3850 South Delsea Drive
Vineland, New Jersey 07755

TD Bank
3002 English Creek Ave
Egg Harbor Township, New Jersey

TD Bank
80 South Street
New Providence, New Jersey

TD Bank
132 South Shore Road
Marmora, New Jersey

TD Bank
331 Springfield Ave
Berkeley Heights, New Jersey

TD Bank
1120 Tilton Road
Northfield, New Jersey

TD Bank
101 East 9th Street
Ocean City, New Jersey

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the properties' situs.   The Defendant's properties are located in and do business within this judicial district.

5.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.     Plaintiff Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic and uses a wheelchair for mobility.  Ronald Moore is a customer of TD Bank and has transacted business at the following properties which form the basis of this lawsuit and he plans to return to the properties in the near future to avail himself of the goods and services offered to the public at the properties:

TD Bank
80 South Street
New Providence, New Jersey

TD Bank
101 East 9th Street
Ocean City, New Jersey

TD Bank
331 Springfield Ave
Berkeley Heights, New Jersey

The Plaintiff has encountered architectural barriers at the subject properties.  The barriers to access at the properties have endangered his safety, impaired his ability to park at the premises, to access the premises, to use the counters and writing surfaces, and to use the restrooms.

7.     Plaintiff Dennis Maurer is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Maurer has multiple sclerosis and is mobility impaired, and uses a wheelchair for mobility.  Dennis Maurer is a customer of TD Bank and has transacted business at the following properties which form the basis of this lawsuit and he plans to return to the properties in the near future to avail himself of the goods and services offered to the public at the properties:

3

| TD Bank | TD Bank |
|---|---|
| 41 Cornwell Drive | 1120 Tilton Road |
| Bridgeton, New Jersey | Northfield, New Jersey |
| | |
| TD Bank | TD Bank |
| 53 South Laurel Street | 399 New Road |
| Bridgeton, New Jersey | Somers Point, New Jersey |
| | |
| TD Bank | TD Bank |
| 3002 English Creek Ave | 3850 South Delsea Drive |
| Egg Harbor Township, New Jersey | Vineland, New Jersey 07755 |
| | |
| TD Bank | TD Bank |
| 132 South Shore Road | 101 East 9th Street |
| Marmora, New Jersey | Ocean City, New Jersey |

The Plaintiff has encountered architectural barriers at the subject properties.  The barriers to access at the properties have endangered his safety, impaired his ability to park at the premises, to access the premises, to use the counters and writing surfaces, and to use the restrooms.

8.      Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.   The places of public accommodation that the Defendant owns, operates, leases or leases to are known as TD Bank, and are located as listed at paragraph 3. above.

9.      DENNIS MAURER and RONALD MOORE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations in paragraph 11 of this complaint.   Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.   RONALD MOORE and DENNIS MAURER desire to visit TD Bank not only to avail themselves of the goods and services

available at the properties but to assure themselves that these properties are in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

10.     The Defendant has discriminated against the individual Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of the TD Bank properties has shown that violations exist. These violations that RONALD MOORE and DENNIS MAURER personally observed or encountered include, but are not limited to:

### Parking and Exterior Accessible Route

a.     Parking spaces throughout TD Banks are not maintained and are not located on the closest available accessible route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.   These conditions prevent Mr. Moore and Mr. Maurer wheelchairs to access TD Bank freely and safely.

b.     Curb ramps at TD Banks contain changes of level and cross slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards.

c.     TD Bank fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.   This is a common feature at all inspected TD Banks.

### Access to Goods and Services

a.     Counters and writing surfaces throughout TD Banks are mounted beyond the reach of Mr. Moore, Mr. Maurer and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at all inspected TD Banks.

**Restrooms**

a.      Restrooms at TD Banks were reported to be unsafe for use by the plaintiffs. Inspection revealed water closets at the majority of TD Banks contain the flush control mounted on the wall side causing Mr. Moore and Mr. Maurer to reach across water closets, violating Section 601 of the 2010 Accessibility Standards.

b.      Restrooms at all inspected TD Banks provide improper identification signage, violating Sections 216.8 and 703 of the 2010 Accessibility Standards. This is a common feature at all inspected TD Banks.

12.      All of the foregoing violations are also violations of the 1991 Americans with Disability Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

13.      The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.   Plaintiffs require the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The individual Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.      Defendant has discriminated against the individual Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its places of public accommodation or commercial facilities in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to

discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable

modifications in policies, practices or procedures, when such modifications are necessary to afford

all offered goods, services, facilities, privileges, advantages or accommodations to individuals

with disabilities; and by failing to take such efforts that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services.

15.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is

warranted.   Furthermore, the public interest would not be disserved by a permanent injunction.

Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs

and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16.    Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its places of public accommodation that have

existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an

alteration to Defendant's places of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the

facility are readily accessible to and useable by individuals with disabilities, including individuals

who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was

designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR

36.401, then the Defendant's facility must be readily accessible to and useable by individuals with

disabilities as defined by the ADA.

17.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

18.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the TD Banks to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilitis until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

19.     Plaintiffs reallege all prior obligations as if fully set forth herein.   Plaintiffs repeat the allegations contained in all of the proceeding paragraphs.

20.     Defendant's facilities are places of public accommodation as defined by N.J.S.A.10:5-5, (New Jersey Law Against Discrimination).

21.     New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability.   This opportunity is recognized and declared to be a civil right.   (See, N.J.S.A. 10:5-4.)

22.     As a result of the aforementioned discrimination, Plaintiffs DENNIS MAURER and RONALD MOORE have sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, RONALD MOORE and DENNIS MAURER demand judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Dated: _Sept. 18, 2015_

Respectfully submitted,

Robert J. Donaher, Esq. (RD 8238)
Walder Hayden P.A.
5 Becker Farm Rd.
Roseland, NJ 07068
(973) 436-4123
rjdonaher@walderhayden.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
John P. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com
jpf@fullerfuller.com

Counsel for Plaintiffs Ronald Moore, Individually
and Dennis Maurer, Individually