Asaad K. Siddiqi, Esq. (AS9150)
McCusker, Anselmi, Rosen & Carvelli, PC
210 Park Avenue, Suite 301
Florham Park, NJ   07932
Telephone: (973) 635-6300
Facsimile: (973) 635-6363
aksiddiqi@marc.law
and
Lawrence A. Fuller, Esq., *pro hac vice*
John P. Fuller, Esq., *pro hac vice*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
lfuller@fullerfuller.com
jpf@fullerfuller.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

THE INDEPENDENCE PROJECT, INC.,
a New Jersey Non-Profit Corporation,

   Plaintiff,

vs.

TD Bank, N.A.

   Defendant.
_____/

Case No. 1:15-cv-07000-JBS-KMW

**FIRST AMENDED COMPLAINT**
*(Injunctive Relief Demanded)*

  Plaintiff, The Independence Project, Inc., a New Jersey Non-Profit Corporation, on its behalf and on behalf of its members, all other mobility-impaired individuals similarly-situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, TD BANK, N.A. (sometimes referred to as "Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs

2830438.v1

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

1. Plaintiff, The Independence Project, Inc. is a Non-Profit Corporation formed under the Laws of the State of New Jersey. The Independence Project, Inc. maintains its principle office at 1002 Central Avenue, New Providence, NJ 07974-1030, the County of Union.

2. Defendant's properties, TD Bank, are located at:

| | |
|---|---|
| TD Bank<br>41 Cornwell Drive<br>Bridgeton, New Jersey | TD Bank<br>399 New Road<br>Somers Point, New Jersey |
| TD Bank<br>53 South Laurel Street<br>Bridgeton, New Jersey | TD Bank<br>3850 South Delsea Drive<br>Vineland, New Jersey 07755 |
| TD Bank<br>3002 English Creek Ave<br>Egg Harbor Township, New Jersey | TD Bank<br>80 South Street<br>New Providence, New Jersey |
| TD Bank<br>132 South Shore Road<br>Marmora, New Jersey | TD Bank<br>331 Springfield Ave<br>Berkeley Heights, New Jersey |
| TD Bank<br>1120 Tilton Road<br>Northfield, New Jersey | TD Bank<br>101 East 9th Street<br>Ocean City, New Jersey |

3. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the properties' situs. The Defendant's properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* *See, also,* 28 U.S.C. § 2201 and § 2202.

2830438.v1

5. The Independence Project, Inc. is a Non-Profit New Jersey Corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of individuals with the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible and useable by the disabled and that its members are not discriminated against because of their disabilities. The Independence Project, Inc. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. The Independence Project, Inc. has also been discriminated against because of its association with its disabled members and their claims.

6. Ronald Moore and Dennis Maurer are members of Plaintiff, The Independence Project, Inc. They qualify as individuals with disabilities as defined by the Act.

Mr. Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic who uses a wheelchair for mobility. Ronald Moore is a customer of TD Bank and has transacted business at the following properties which form the basis of this lawsuit and he plans to return to the properties in the near future to avail himself of the goods and services offered to the public at the properties:

TD Bank
80 South Street
New Providence, New Jersey

TD Bank
101 East 9th Street
Ocean City, New Jersey

TD Bank
331 Springfield Ave
Berkeley Heights, New Jersey

The Plaintiff, through its member Ronald Moore, has encountered architectural barriers at the

3

2830438.v1

subject properties. The barriers to access at the properties have endangered his safety, impaired his ability to park at the premises, to access the premises, to use the counters and writing surfaces, and to use the restrooms.

Plaintiff Dennis Maurer is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Maurer has Multiple Sclerosis and is mobility impaired, and uses a wheelchair for mobility. Dennis Maurer is a customer of TD Bank and has transacted business at the following properties which form the basis of this lawsuit and he plans to return to the properties in the near future to avail himself of the goods and services offered to the public at the properties:

| | |
|---|---|
| TD Bank<br>41 Cornwell Drive<br>Bridgeton, New Jersey | TD Bank<br>1120 Tilton Road<br>Northfield, New Jersey |
| TD Bank<br>53 South Laurel Street<br>Bridgeton, New Jersey | TD Bank<br>399 New Road<br>Somers Point, New Jersey |
| TD Bank<br>3002 English Creek Ave<br>Egg Harbor Township, New Jersey | TD Bank<br>3850 South Delsea Drive<br>Vineland, New Jersey 07755 |
| TD Bank<br>132 South Shore Road<br>Marmora, New Jersey | TD Bank<br>101 East 9th Street<br>Ocean City, New Jersey |

The Plaintiff, through its member Dennis Maurer, has encountered architectural barriers at the subject properties. The barriers to access at the properties have endangered his safety, impaired his ability to park at the premises, to access the premises, to use the counters and writing surfaces, and to use the restrooms.

7. The Independence Project, Inc. and one or more of its members including Dennis Maurer and Ronald Moore, have a realistic, credible, existing and continuing threat of

4

2830438.v1

discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to the allegations in paragraph 9 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff's members desire to visit the subject TD Bank locations not only to avail themselves of the goods and services available at the property, but to assure themselves that this property is in compliance with the ADA so that the disability group and other similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. 12182, *et seq.*

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the TD Bank properties has shown that violations exist. These violations that RONALD MOORE and DENNIS MAURER, as members of Plaintiff, have personally observed or encountered include, but are not limited to:

### A. Parking and Exterior Accessible Route

(1). Parking spaces throughout TD Banks are not maintained and are not located on the closest available accessible route, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions prevent Mr. Moore and Mr. Maurer wheelchairs to access TD Bank freely and safely.

(2). Curb ramps at TD Banks contain changes of level and cross-slopes beyond the limits, violating Sections 406 and 502.7 of the 2010 Accessibility Standards.

(3). TD Bank fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This is a common feature at all inspected TD Banks.

### B. Access to Goods and Services

(1). Counters and writing surfaces throughout TD Banks are mounted beyond the reach of Mr. Moore, Mr. Maurer and others in wheelchairs, violating Sections 308 and 901, 904 of the 2010 Accessibility Standards. This is a common feature at all inspected TD Banks.

### C. Restrooms

(1). Restrooms at TD Banks were reported to be unsafe for use by the Plaintiffs. Inspection revealed water closets at the majority of TD Banks contain the flush control mounted on the wall side causing Mr. Moore and Mr. Maurer to reach across water closets, violating Section 601 of the 2010 Accessibility Standards.

(2). Restrooms at all inspected TD Banks provide improper identification signage, violating Sections 216.8 and 703 of the 2010 Accessibility Standards. This is a common feature at all inspected TD Banks.

10. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 11 are not an exclusive list of

6

2830438.v1

the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, through its members, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

12. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the TD Banks to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

17. As a result of the discomfort, emotional distress, humiliation and other injuries sustained by its members, Dennis Maurer and Ronald Moore, The Independence Project, Inc., a New Jersey Non-Profit Corporation has sustained damages. The Parties hereto have resolved the

issue of damages due to the Plaintiff for the injuries sustained by the members named herein. The remaining issue for discrimination by this Court is Plaintiff's demand for injunctive relief, attorney's fees, litigation expenses and costs.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

18. Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

19. Defendant's facilities are places of public accommodation as defined by N.J.L.A.D. 10:5-5, (New Jersey Law Against Discrimination).

20. New Jersey Law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (*See*, N.J.L.A.D. 10:5-4.)

**WHEREFORE**, The Independence Project, Inc. demands judgment for injunctive relief, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this **20th** day of **January, 2017**, a true and correct copy of the foregoing was filed via the Court's CM/ECF System, which send a copy via Notice of Electronic Filing to Attorneys for the Defendant, Susan M. Leming, Esq., sleming@brownconnery.com, and Stephen J. DeFeo, Esq., sdefeo@brownconnery.com, Brown & Connery LLP, 360 Haddon Avenue Westmont, NJ 08108.

Respectfully Submitted,

/s/**Asaad K. Siddiqi**
Asaad K. Siddiqi, Esq. (AS9150)
McCusker, Anselmi, Rosen & Carvelli, PC
210 Park Avenue, Suite 301
Florham Park, NJ 07932
Telephone: (973) 635-6300
Facsimile: (973) 635-6363
asiddiqi@marc.law
and

2830438.v1

                Lawrence A. Fuller, Esq., *pro hac vice*
                John P. Fuller, Esq., *pro hac vice*
                FULLER, FULLER & ASSOCIATES, P.A.
                12000 Biscayne Blvd., Suite 502
                North Miami, FL 33181
                Telephone: (305) 891-5199
                Facsimile: (305) 893-9505
                lfuller@fullerfuller.com
                jpf@fullerfuller.com
                *Attorneys for Plaintiff*

2830438.v1